GILL SPERLEIN (172887)
121Capp Street, Suite 200
San Francisco, California 94110
Telephone: (415)487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT M. LAUENSTEIN, an individual and AG ENTERTAINMENT, INC., a business entity type unknown,<br><br>Defendant. | CASE NO.: C-03-3183 (JSW)<br><br>COMPLAINT:<br><br>(1) COPYRIGHT INFRINGEMENT<br>(2) STATUTORY UNAUTHORIZED COMMERCIAL USE OF A PHOTOGRAPH;<br>(3) COMMON LAW MISAPPROPRIATION OF THE RIGHT OF PUBLICITY; AND<br>(4) AN ACCOUNTING<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.  This is an action by Io Group, Inc. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by Defendants Robert M. Lauenstein and AG Entertainment, Inc. and to enjoin Defendants from future infringement. Defendants published and distributed, through an Internet website which they own, operate and control, certain Titan Media-owned images.

-1- COMPLAINT

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 121 Capp Street, Suite 200, San Francisco, California 94110. Titan Media produces markets and distributes adult entertainment products, including Internet website content, audiovisual works, photographs, etc.

3. On information and belief, Defendant Robert M. Laurenstein is an individual residing in the State of Florida, and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

4. On information and belief, Defendant AG Entertainment, Inc. is a business entity, type unknown, located in the State of Florida and under the control of Defendant Robert M. Laurenstein and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. The Court has personal jurisdiction over Defendants. Defendants solicit, transact, and are doing business within the State of California; have committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and are regularly

doing or soliciting business or engaging in a persistent course of conduct in the State. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

### INTRADISTRICT ASSIGNMENT

8. Pursuant to United States District Court, Northern District of California Civil Local Rule 3-12 this case should be assigned to Judge Claudia Wilken in the Oakland Division as a related case as outlined in the accompanying Notice of Related Case.

### VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1392 and 1400(a).

### FACTS COMMON TO ALL CLAIMS

10. Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in video and DVD formats. Additionally, Plaintiff maintains a website by and through which high-resolution versions of its photographic works and other content can be viewed by individuals who pay a monthly subscription fee.

11. Plaintiff additionally sells the audiovisual works it produces in DVD and VHS format through various wholesale companies for further distribution.

12. Plaintiff has won numerous awards for it's high quality work, beginning with an award for Best Gay Video in its first year in existence (1995) through 2002 when Plaintiff received awards for Best Gay DVD and Best Gay Video. Plaintiff has received awards for Best Cinematography, Best Videography, Best Art Direction, and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

13. Plaintiff has a general compensation rate of $2,500 per image as specified in its standard Notice of Terms agreement which is posted on its website.

14. On information and belief, Defendants are online publishers with knowledge of copyright law.

15. Defendants own and operate www.areagay.com, a commercial Internet website.

16. The website www.areagay.com is made up of several areas, one of which is a gallery of photographic images.

17. To gain access to the site, individuals must join Adult Check Gold a California based adult verification company that contracts with website owners. Defendants received commissions from Adult Check Gold the amount of which is dependant upon the number of new adult check customers Defendants registered as well as other criterion.

18. On information and belief, Cybernet Ventures, Inc., a California corporation with its principal place of business in California, owns and operates Adult Check Gold.

19. On June 2, 2002 and at times thereafter, during regular inspections of Internet websites, Plaintiff's employees discovered and documented a number of Titan Media copyrighted images on the www.areagay.com website.

20. Defendants copied and published at least six Plaintiff-owned and copyrighted images on their website www.areagay.com.

21. Each of the photographic images at issue in this action is of obvious high production value and is easily discernable as a professional work.

22. As an online adult publisher, Defendants knew or should have known a substantial portion of the gay adult entertainment business is centered in San Francisco with six major production studios located here including the two largest production studios.

## FIRST CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. §501 )

<u>Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works</u>

23. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24. Plaintiff produced and owns the photographic works published by Defendant on the website www.areagay.com.

25. Plaintiff holds with the United States Copyright Office duly and properly registered copyrights for each of these photographic works as well as for the audiovisual work with which the image is associated and all related promotional material. Relevant copyright certificates include: *Redwood - Escape to Fern Falls* (PA-756-615 and PA-1-080-261), *River Patrol* (PA-885-073, PA-1-086-865, VA-880-002 and VA-1-121-150) and *Titan Express* (PA-1-041-382, PA-1-080-258, VA-1-121-154 and VA-1-135-423). A full and complete copy of each of these certificates is attached as Exhibit A.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

26. Defendants infringed the copyrights in Plaintiff's creative works by publishing and distributing infringing materials on and through the www.areagay.com website without proper approval or authorization from Plaintiff.

27. Defendants engaged in at least six separate infringing acts.

28. Defendants' conduct was willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

29. Defendants knew or should have known their acts constituted copyright infringement.

30. Defendants knew they did not have permission to publish Plaintiff's images on the www.areagay.com website.

31. On information and belief, Defendants made no attempt to discover the proper owners of the images before publishing the images.

32. Defendants published a copyright notice on the website www.areagays.com thereby invoking the protections of Federal Copyright law.

33. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

34. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

35. At a minimum Plaintiff has suffered and is entitled to recover the loss of its standard licensing fee of $2,500 per image for each of no fewer than six acts of infringement.

36. In addition, because Defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

37. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property which have no readily determinable market

value, (b) Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and resulting damage to Plaintiff is continuing.

38. In addition, Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(Unauthorized Commercial Use of a Photograph – Cal. Civ. Code § 3344)

39. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40. Plaintiff's copyrighted works embody images of actors all of whom executed written agreements with Plaintiff through which Plaintiff became the exclusive proprietor of the actors' rights of publicity in the performances embodied in Plaintiff's creative works.

41. All rights of publicity in respect to those images have at all times been exclusively administered from within San Francisco, California.

42. Defendants infringed the rights of publicity owned and controlled by Plaintiff by displaying photographs of the actors for commercial gain without Plaintiff's consent.

43. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

44. Defendants acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, Defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's

goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

45. In the alternative, Plaintiff is entitled to statutory damages of $750 per unauthorized use as provided by Cal. Civ. Code § 3344.

46. Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish the Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

47. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to Cal. Civ. Code § 3344(a).

### THIRD CAUSE OF ACTION

(California Common Law Misappropriation of the Right of Publicity)

48. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47, inclusive.

49. The acts and conduct of Defendants as alleged above in this Complaint constitute a misappropriation of the Right of Publicity pursuant to the common law of California.

50. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

### FORTH CAUSE OF ACTION

**(Accounting)**

51. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49, inclusive.

52. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and Cal. Civ. Code § 3344, to statutory damages or Plaintiff's actual damages and all Defendants' profits attributable to the illegal acts herein described.

53. The amount of compensatory damages due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of subscribers to Defendants' website and the number of "hits" to the website and various pages therein.

54. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendants.

## **JURY DEMAND**

55. Plaintiff hereby demands a jury trial in this case.

## **PRAYER**

WHEREFORE, Plaintiff Titan Media respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendants that they have:

    a. willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501,

    b. willfully violated Plaintiff's rights of publicity in violation of California common law and California Civ. Code § 3344; and

    c. otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or

making any other infringing use or infringing distribution of audiovisual works, photographs or other materials protected by Plaintiff Titan Media's registered copyrights;

  (3)  That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendants' illegal activities;

  (4)  That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages as follows:

    a. Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

    b. Plaintiff's damages and Defendants' profits pursuant to Cal. Civ. Code § 3344(a) and Claifornia Common Law or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344(a).

  (5)  That the Court order Defendants to pay punitive damages pursuant to Cal. Civ. Code § 3344(a).

  (6)  That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504 and Cal. Civ. Code § 3344(a).

  (7)  That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  *July 8, 2003*        Respectfully submitted,

                    */s/ D. Gill Sperlein*

                    GILL SPERLEIN,
                    Attorney for Plaintiff